IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Leticia Vargas, Administrator of the Estate of Angel Cruz,  *Plaintiff*,  -vs-  County of Cook, et al.,  *Defendants*. | ) ) ) ) 18-cv-1865 ) ) *(Judge Seeger)* ) ) ) ) ) ) |

## PLAINTIFF'S MOTION TO APPROVE SETTLEMENT

Plaintiff, by counsel, moves the Court to approve the monetary settlement of $975,000 and approve disbursements as follows:

| | |
|---|---|
| Reimbursement for funeral and burial expenses to Plaintiff | $10,295.00 |
| Fees and reimbursement for costs to plaintiff's counsel | $417,623.33 |
| To next of kin pursuant to determination of dependency | $547,081.67 |

Grounds for this request are as follows:

### A. Background

1. This case arises from the death of Angel Cruz, Jr. on March 20, 2016 while a pre-trial detainee at the Cook County Jail. Plaintiff Leticia Vargas, the mother of Angel Cruz, Jr., is the Independent Administrator of the estate of her son, pursuant to an order entered in the Circuit Court of County in case number 18 P 1409.

2. Acting as Administrator, Ms. Vargas engaged Joel Flaxman and Kenneth Flaxman of the Law Office of Kenneth N. Flaxman P.C. to assert claims arising out the death of her son. The written contingent fee agreement provides, *inter alia*, that the estate would pay fees equal to 40% of the "net recovery," with a full credit for any attorney's fees that might be awarded. (The agreement defines "net recovery" as any monetary award less deduction of enumerated costs and expenses.)

3. Plaintiff, by counsel, filed this action on March 14, 2018, naming thirteen defendants, and raising constitutional claims, a claim under the Americans with Disabilities Act, and a medical malpractice claim under Illinois law.

4. The parties engaged in extensive fact and expert discovery, including the exchange of voluminous medical records, a review of lengthy surveillance video recordings, over 25 depositions, motion practice on a motion to compel, and the disclosure of 3 experts for plaintiff and 4 experts for defendants.

5. The parties also fully briefed cross-motions for summary judgment, which were pending when the parties agreed to the settlement described below.

6. Plaintiff's attorneys advanced costs totaling $46,038.89, as enumerated in Exhibit 1, and expended nearly 400 hours on this matter.

### B. Settlement

7. Defendant County of Cook has agreed in good faith to settle this case for a total of nine hundred seventy-five thousand dollars ($975,000).

8. The Litigation Subcommittee of the Cook County Board of Commissioners approved the settlement on January 11, 2022, and the settlement will be submitted for payout by the Board's Finance Committee on February 9, 2022.

9. The parties reached this settlement through arms-length negotiations with the assistance of Magistrate Judge Cole and Retired Magistrate Judge Schenkier. The parties agree that this settlement is fair and reasonable; counsel for plaintiff believes that this settlement is in the best interests of decedent's next of kin.

10. The settlement of $975,000 is an excellent result. At the time counsel took on the case, there was no guarantee of any monetary recovery. At least one other civil rights law firm had reviewed the matter and declined the case.

11. Plaintiff respectfully requests that the Court find that the settlement was made in good faith.

### C. Attorney Fees and Costs

12. The settlement, after deduction of costs expended by counsel ($46,038.89) totals $928,961.11.

13. The parties agreed that the settlement was inclusive of fees awardable under 42 U.S.C. § 1988, and plaintiff agreed to the settlement with the understanding that fees would be paid to counsel in accordance with the contingent fee percentage specified in the fee contract.

14. The contingent fee contract entitles the Law Office of Kenneth N. Flaxman P.C. to 40% of the net award, or $371,584.44.

15. A contingent rate of 40% is a standard and reasonable amount in civil rights litigation. As the Seventh Circuit wrote in *Kirchoff v. Flynn*, 786 F.2d 320, 328 (7th Cir. 1986), "[t]he use of contingent fees is appropriate in cases that enforce old precedents and allow effective compensation as a percentage of the total recovery." *Id.* at 328. A 40% contingency is reasonable because "the risks plaintiffs face in § 1983 litigation are greater and the rewards smaller [than in] ordinary tort litigation." *Id.* at 323.

16. Plaintiff respectfully requests that the Court enter an order allocating $417,623.33 of the settlement to the Law Office of Kenneth N. Flaxman P.C. That total is the sum of $371,584.44 in attorney fees and $46,038.89 as reimbursement of costs.

### D. Wrongful Death Damages

17. The remainder of the settlement is $557,376.67. The parties agreed as part of the settlement that this amount is for wrongful death damages of the claim asserted under 42 U.S.C. § 1983. *See Ray v. Maher*, 662 F.3d 770, 774 (7th Cir. 2011) ("An estate bringing a decedent's § 1983 claims may seek damages allowable under a state wrongful death statute.")

18. Under Illinois law, wrongful death damages are paid to the next of kin "in the proportion, as determined by the court, that the percentage of dependency of each such person upon the deceased person bears to the sum of the percentages of dependency of all such persons upon the deceased person." 740 ILCS 180/2(b). In addition to plaintiff, the mother of Angel Cruz, the next of kin include his biological father and half-brother. Angel's father did not have any contact with Angel for more than 18 years; Angel did not have any contact with his half-brother. Angel's father and half-brother are entitled to notice before there is an adjudication of dependency, which may be made either by this Court or by the Circuit Court of Cook County in the pending probate case. Plaintiff leaves this matter to the discretion of the Court.

19. The plaintiff paid $10,295.00 for the funeral and burial expenses of her son and, under Illinois law, 755 ILCS 5/18-10, is entitled to reimbursement of that expense, leaving $547,081.67 to be allocated.

It is therefore respectfully requested that the Court find the settlement was made in good faith, approve the distribution of $417,623.33 to the Law Office of Kenneth N. Flaxman and payment to plaintiff of $10,295.00 for funeral and burial expenses and order that the remaining $547,081.67 in wrongful death damages be allocated under Illinois law either by this Court or by the Circuit Court of Cook County after notice to the next-of-kin of Angel Cruz, Jr., deceased.

        Respectfully submitted,

/s/ Joel A. Flaxman
    Joel A. Flaxman
    Kenneth N. Flaxman
    200 S Michigan Ave Ste 201
    Chicago, IL 60604-2430
    (312) 427-3200
    *Attorneys for Plaintiff*